No. 105,492

In the Matter of JIMMIE A. VANDERBILT, *Respondent*.

(253 P.3d 774)

Opinion filed June 3, 2011.

*Kate F. Baird,* Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett,* Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Jimmie A. Vanderbilt,* respondent, argued the cause pro se.

*Per Curiam:* This is an original attorney discipline proceeding filed by the office of the Disciplinary Administrator against the respondent, Jimmie A. Vanderbilt, of Baldwin City, an attorney admitted to the practice of law in Kansas in 1995.

On September 28, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent failed to file an answer to the complaint. Respondent eventually signed a stipulation of facts with the Disciplinary Administrator's office. A panel of the Kansas Board for Discipline of Attorneys held a hearing on the complaint and determined that respondent violated KRPC 8.4(a) (2010 Kan. Ct. R. Annot. 603) (misconduct); 8.4(d) (engaging in conduct prejudicial to the administration of justice); 8.4(g) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law); and Kansas Supreme Court Rule 211(b) (2010 Kan. Ct. R. Annot. 327) (failure to file timely answer in disciplinary proceeding). The panel made the following findings of fact and conclusions of law and recommended this court indefinitely suspend respondent's law license. A majority of this court agrees and imposes an indefinite suspension.

## "FINDINGS OF FACT

. . . .

"2. The Respondent was previously married to Lisa Vanderbilt. From this union, two children were born. Following the Respondent's divorce from Lisa Van-

derbilt, the Court ordered that the Respondent pay child support. The Respondent's monthly child support obligation of $940 was calculated based upon the salary that he received when he was the Jefferson County Attorney. The Respondent has not worked as the Jefferson County Attorney since January, 2005.

"3. The Honorable Philip Sieve was assigned to preside over post-divorce matters in the Respondent's case. In late 2008, Judge Sieve issued an order to show cause why the Respondent should not be held in contempt for not complying with the child support order in effect. Judge Sieve scheduled the hearing on the order to show cause for December 18, 2008.

"4. On December 18, 2008, the Respondent appeared *pro se* at the show cause hearing. Darla Ottensmeier, an enforcement officer for the Kansas State Department of Social and Rehabilitation Services also appeared. Judge Sieve determined that the Respondent was in arrears on the child support order in excess of $60,000. Based on the arrearage, Judge Sieve found the Respondent in contempt of the child support order. Judge Sieve informed the Respondent that he would allow him to purge the contempt by commencing regular monthly payments of $1,040.

"5. The Respondent failed to purge the contempt by commencing regular payments. In the summer of 2009, Ms. Ottensmeier filed a motion for sanctions for the Respondent's failure to pay as agreed in December, 2008.

"6. The Court took up the motion for sanctions on September 18, 2009. The Respondent failed to appear at the hearing. (Footnote: A copy of the notice of hearing was sent to the last address the Respondent provided the court, 1040 New Hampshire, Lawrence, Kansas. However, the Respondent had not practiced from that office for two years and did not receive the notice.) Judge Sieve granted the motion for sanctions and directed that a warrant be issued for the Respondent's arrest for failing to appear. Additionally, Judge Sieve directed that the Respondent serve 30 days in custody.

"7. On January 8, 2010, the Court signed the warrant for the Respondent's arrest. On January 11, 2010, the Respondent was arrested on the bench warrant and taken into custody.

"8. The Respondent represented Latiseia E. Stano in two criminal cases filed in the Shawnee County District Court, before the Honorable Richard Anderson. The cases, numbered 09CR2117 and 09CR2195, were scheduled for a plea hearing on January 15, 2010. The Respondent received notice of the hearing.

"9. The Respondent represented Heather A. Wendt in a post-conviction matter filed in the Shawnee County District Court, before Judge Anderson. The case, numbered 07CR2051, was scheduled for a show cause hearing on January 15, 2010. The Respondent received notice of the hearing.

"10. On January 14, 2010, Teri Leahy, a friend of the Respondent, called Judge Anderson's chambers. Ms. Leahy identified herself as the Respondent's assistant and informed the judge's assistant that something had come up and the Respondent would not be able to appear in court the following day. Ms. Leahy did not inform the judge's assistant that the Respondent was in jail. The judge's assistant

informed Ms. Leahy that the Respondent needed to file a written motion and that the cases would be continued.

"11. Due to his incarceration, the Respondent was unable to file a written motion to continue the hearings and the Respondent did not call or ask another attorney to appear for him at the hearings or to make a written request for a continuance. The Respondent failed to appear in court on January 15, 2010, in the three cases because he was incarcerated.

"12. Ms. Stano appeared in court for her plea hearing. Neither the Respondent nor Ms. Leahy contacted Ms. Stano to let her know that her plea hearing had been rescheduled.

"13. On January 25, 2010, Judge Sieve granted the Respondent work release. While the Respondent was on work release, on January 29, 2010, the Respondent stopped by Judge Anderson's chambers. The Respondent apologized for missing the cases and apologized for not explaining his circumstances earlier. The Respondent explained that he was unable to attend the hearings because he had been in jail for failing to pay his child support. Judge Anderson informed the Respondent that Ms. Stano's plea hearing and Ms. Wendt's show cause hearing had been rescheduled to February 18, 2010.

"14. On February 4, 2010, Judge Sieve held a review hearing. During the hearing, Judge Sieve suspended the balance of the 30 day sentence and released the Respondent from jail on the condition that the Respondent comply with the payment schedule.

"15. The Respondent's child support obligation was reduced by agreement of the parties to $575 a month, in March, 2010.

"16. The Respondent made no child support payments from February 5, 2005, shortly after he left office as the Jefferson County Attorney, until after being found in contempt of court. Since the contempt proceedings began, the Respondent has made the following child support payments:

| | |
|---|---|
| January, 2009 | $1,200 |
| March, 2009 | $1,040 |
| April, 2010 | $1,151 |
| August, 2010 | $1,900 |

The Respondent has failed to comply with the Court's order to pay child support. The Respondent continues to be in contempt of court. As of November 15, 2010, the Respondent's child support arrearage totaled $76,963.75.

"17. At the hearing on this matter, the Respondent testified that he knew he had the right to an attorney at the hearing, but waived that right and proceeded, *pro se*. He admitted he had not kept the Kansas Supreme Court Clerk apprised of his mailing address because he lived in a camper and worked from whatever county law library he was at during a particular day which changed often. Nonetheless, he had received proper notice of the disciplinary hearing and had no objection to the jurisdiction, hearing date, time or place, or composition of the

Hearing Panel. Despite receiving due notice of the hearing and the Formal Complaint, he did not timely file an Answer (or file one at all).

"18. The Respondent also admitted that he drove to the hearing on a suspended driver's license, which had been suspended for many months.

### "CONCLUSIONS OF LAW

"1. KRPC 8.4 is the general misconduct rule, provided by the Kansas Rules of Professional Misconduct.

'It is professional misconduct for a lawyer to:

'(a)   Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . . .

'(d)   engage in conduct that is prejudicial to the administration of justice;

. . . .

'(g)   engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.'

In the Formal Complaint, the Deputy Disciplinary Administrator alleged that the Respondent violated KRPC 8.4(a), KRPC 8.4(d), and KRPC 8.4(g). In the stipulation, the Respondent generally agreed that he violated KRPC 8.4. However, at the hearing, the Respondent specifically denied violating KRPC 8.4(g).

"2. Based upon the Respondent's stipulation, the Hearing Panel concludes that the Respondent violated KRPC 8.4(a) and KRPC 8.4(d).

"3. The Respondent violated KRPC 8.4(a) by engaging in professional misconduct. It is professional misconduct and in violation of the Kansas Rules of Professional Conduct for the Respondent to fail to pay his child support, fail to keep his address current in his domestic case, fail to appear at the hearing on the motion for sanctions, be found in contempt of court, fail to purge himself of the contempt, fail to appear in court on January 15, 2010, and fail to provide a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(a).

"4. The Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he violated court orders. The Respondent violated court orders by failing to pay his child support, failing to appear at the hearing on the motion for sanctions, failing to purge himself of the contempt, and failing to appear in court on January 15, 2010. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d).

"5. The Respondent argued that he did not violate KRPC 8.4(g). The Respondent's argument lacks merit.

"6. KRPC 8.4(g) provides that it is 'professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' The Respondent's misconduct does reflect adversely on his fitness to practice law. Repeatedly failing to comply with court orders and knowingly driving on a suspended driver's license for months adversely reflects on the Re-

spondent's respect for and fitness to practice law. Therefore, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g).

"7. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. The Respondent acknowledged that he knew that he was required to file a written Answer to the Formal Complaint. The Respondent rationalized his conduct by stating that because he knew he was not going to be disputing any facts, he need not file a written Answer. Unfortunately for the Respondent, the rule does not provide that written Answers to Formal Complaints are only necessary when a Respondent wishes to dispute the allegations in the Formal Complaint. When a Hearing Panel receives a timely Answer to a Formal Complaint, the Hearing Panel is able to plan accordingly. In this case, given the Respondent's failure to Answer, the Hearing Panel did not know the Respondent's position on any of the allegations until the outset of the hearing. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

### "AMERICAN BAR ASSOCIATION
### "STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the legal system, legal profession, and public to comply with court orders and court rules.

"*Mental State*. The Respondent knowingly violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Prior Disciplinary Offenses*. On April 22, 2005, the Kansas Supreme Court suspended the Respondent's license to practice of law for having violated KRPC 1.1, KRPC 1.3, KRPC 3.2, KRPC 8.4(d), and KRPC 8.4(g).

"A *Pattern of Misconduct*. The Respondent engaged in a pattern of misconduct by failing to comply with court orders over an extended period of time. From March, 2005, through December, 2009, the Respondent failed to make any child

support payments. The Respondent failed to comply with the court order to pay child support after being found in contempt. The Respondent failed to comply with the court order to pay child support after being incarcerated for three weeks. The Respondent's failure to comply with the child support order lead [*sic*] the Respondent to be unable to appear in [*sic*] behalf of his clients on January 15, 2010. The Respondent failed to appear in court for the motion for sanctions in his own divorce case because he failed to keep the court properly advised of his address. The Respondent has been driving on a suspended driver's license for months. The Hearing Panel, therefore, concludes that the Respondent engaged in a pattern of misconduct.

"*Multiple Offenses*. The Respondent committed multiple offenses by violating KRPC 8.4(a), KRPC 8.4(d), KRPC 8.4(g), and Kan. Sup. Ct. R. 211(b).

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process*. The Respondent failed to file an Answer to the Formal Complaint, in violation of Kan. Sup. Ct. R. 211(b). The Respondent's failure to file an Answer obstructed the proceeding, in that, the Hearing Panel had no idea what the Respondent's position was regarding the facts alleged in the Formal Complaint until the time of the hearing.

"*Substantial Experience in the Practice of Law*. The Respondent has substantial experience in the practice of law, having been admitted to the practice of law in the State of Kansas in 1994.

"*Indifference to Making Restitution*. While child support is not restitution, the Respondent appears to be indifferent to complying with the child support order which would benefit his children. The Respondent has not made regular child support payments since leaving the office as the Jefferson County Attorney in January, 2005. The Respondent has failed to secure employment which would allow him to provide, financially, for his children and admitted that even absent a law license he is capable of gainful employment.

"*Illegal Conduct, Including that Involving the Use of Controlled Substances*. In his letter of response, the Respondent disclosed that he was previously arrested in Leavenworth County, Kansas, for driving on a suspended driver's license and that he had a traffic matter pending in Saline County, Kansas, where he had been charged with driving a vehicle without proper registration and driving a vehicle without liability insurance. During the hearing on the Formal Complaint, the Respondent admitted that the car he was driving at the time of the stop did not have liability insurance. Also during the hearing on the Formal Complaint, the Respondent admitted that his license to drive remained suspended. He indicated that if he paid the fine pending in Saline County, Kansas, he should be able to have his driver's license reinstated.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Dishonest or Selfish Motive.* The Respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"*The Present Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* During the hearing, the Respondent fully cooperated. He acknowledged the facts which gave rise to the violations. Further, the Respondent stipulated to violations of KRPC 8.4(a) and KRPC 8.4(d).

"*Remorse.* At the hearing on this matter, the Respondent expressed genuine remorse for having failed to pay his child support and for violating court orders.

"*Remoteness of Prior Offenses.* The misconduct that gave rise to the Respondent's previous discipline is remote in time, having occurred approximately seven years ago. And, much of the Respondent's previous misconduct is remote in character. However, the Respondent's misconduct that gave rise to the conclusion that he violated KRPC 8.4(d) is not remote in character to the misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'6.22 Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

'8.1 Disbarment is generally appropriate when a lawyer: . . .

(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended. The Deputy Disciplinary Administrator also argued that if the Hearing Panel was inclined to recommend a definite suspension, that the Hearing Panel also recommend that the Respondent be required to undergo a reinstatement hearing where he could establish that he had purged himself of the contempt of court, prior to reinstatement. The Respondent did not make a recommendation for discipline. However, the Respondent argued that he did not believe that the violations warranted a suspension.

"The Hearing Panel is concerned about the Respondent's apparent lack of understanding of the significance of his misconduct. For example, the Respondent argued that his misconduct was a technical violation for failing to appear in court on January 15, 2010, at the time he was incarcerated.

"The Respondent fails to see the big picture. The Respondent fails to understand that his misconduct started long before January 15, 2010. The Respondent's misconduct began in March, 2005, when he stopped paying his child support

(which by itself is a court order) and that misconduct continues to this day. The Respondent's misconduct also includes his repeated violations of court orders, his failure to take proper care of business so that he would receive proper notice of hearings in his divorce case, and his failure to file a written Answer to the Formal Complaint.

"Despite his statements to the contrary, the Respondent's actions seem to indicate that he is not interested in maintaining his law license. The Respondent failed to attempt to hire an attorney to represent him in the disciplinary proceeding. The Respondent failed to file a written Answer to the Formal Complaint. The Respondent brought no corroborating evidence in the form of witnesses or exhibits. The Respondent failed to present a plan to the Hearing Panel as to how he plans to purge himself of the contempt of court.

"Because the Respondent was previously suspended for violating KRPC 8.4(d), according to ABA Standard 8.1, disbarment is appropriate. However, based upon the recommendation of the Deputy Disciplinary Administrator and the mitigating circumstances, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for an indefinite period of time and any reinstatement should require that the contempt of court be purged.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009); see Supreme Court Rule 211(f) (2010 Kan. Ct. R. Annot. 327). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 288 Kan. at 505 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

In this case, respondent filed no exceptions to the panel's final hearing report. Accordingly, the report's findings and conclusions are deemed admitted. Supreme Court Rule 212(c) (2010 Kan. Ct. R. Annot. 344). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions, except as noted below.

At the hearing before this court, the Disciplinary Administrator's office asked the court to administer an indefinite suspension as recommended by the hearing panel. A majority of the court agrees that indefinite suspension is appropriate, with reinstatement conditioned upon respondent purging himself of the contempt that is the subject of these proceedings. A minority of the court would disbar the respondent.

### CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that JIMMIE A. VANDERBILT be indefinitely suspended from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that respondent shall comply with Supreme Court Rule 218 (2010 Kan. Ct. R. Annot. 370), and, if respondent seeks reinstatement, he shall comply with Supreme Court Rule 219 (2010 Kan. Ct. R. Annot. 370). Any request for reinstatement must demonstrate respondent has purged himself of the contempt of court that is at issue in these proceedings.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.